**Rajinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72722.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief

Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., John D. Williams, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Rajinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review in part, deny it in part, and remand for further proceedings.

Because the BIA adopted the IJ's reasoning, we review the IJ's decision. *See Vallecillo–Castillo v. INS*, 121 F.3d 1237, 1238–39 (9th Cir.1996). Reviewing the IJ's adverse credibility determination for substantial evidence, *see Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir.2003), we conclude that this standard is not met.

■ The IJ's finding that Singh was unresponsive to the point of jeopardizing his credibility is unsupported by substantial record evidence. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686–87 (9th Cir. 2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The IJ's comments concerning Singh's religion are also not supported by substantial evidence. Singh provided reasonable explanations for the length of his hair and his lack of religious symbols. Moreover, the reference article used by the IJ to impugn Singh's testimony about when Sikhs are baptized states only that "[w]hen boys and girls are *about* fourteen, they *may* be initiated.... This ritual is often called baptism." (emphasis added).

The IJ's discussion of "the sugar water given at baptism" is based on impermissible speculation, *see Lopez–Reyes v. INS*, 79 F.3d 908, 912 (9th Cir.1996), as is his inference about Singh's wife's whereabouts in India.

■ The IJ's comparison of a State Department report with Singh's testimony does not constitute substantial evidence. "The IJ may use a country report as supplemental evidence to discredit a generalized statement made by the petitioner but not to discredit specific testimony regarding his individual experience." *Zheng v. Ashcroft*, 382 F.3d 993, 997 (9th Cir.2004) (quotation marks and citation omitted). Here, by contrast, the IJ rejected specific testimony and a reasonable explanation by Singh for why his father and brother were not arrested with him.

■ Substantial evidence also does not support the IJ's determination that Singh did not demonstrate past persecution on account of an enumerated ground. In the absence of charges and a prosecution, the police's focus on whether Singh was a member of the Babbar Khalsa Sikh militant group compels the conclusion that their abuse occurred at least in part on account of Singh's imputed political opinion. *See Ndom v. Ashcroft*, 384 F.3d 743, 755 (9th Cir.2004).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The foregoing analysis entitles Singh to a presumption of a well-founded fear of persecution. *See Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir.1998). As the IJ addressed then-current country conditions, we remand the proceedings for reconsideration of Singh's eligibility for asylum and withholding of removal. *See Lopez v. Ashcroft*, 366 F.3d 799, 806–07 (9th Cir.2004) ("[I]t is appropriate to permit the BIA on remand to assess whether changed country conditions rebut the presumption based on the proper legal standards including an individualized determination.").

Singh is not entitled to CAT relief because he did not show that it is more likely than not that he would be *tortured* if returned to India. *See* 8 C.F.R. § 208.16(c); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**